UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| IRWIN INDUSTRIAL TOOL COMPANY d/b/a LENOX, | : : : |
| Plaintiff/Counterclaim Defendant, | : : |
| v. | : CIVIL ACTION NO.: : 3:11-CV-30023 (DPW) : |
| BIBOW INDUSTRIES, INC. and CHRISTOPHER W. BIBOW, | : : : |
| Defendants/Counterclaim Plaintiffs. | : |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF
MOTION FOR ENTRY OF PROTECTIVE ORDER GOVERNING
DISCOVERY OF CONFIDENTIAL AND PROPRIETARY INFORMATION**

Plaintiff/Counterclaim Defendant Irwin Industrial Tool Co., d/b/a/ Lenox ("Lenox") seeks a protective order to protect confidential business information from unrestricted public disclosure. Defendants/Counterclaim Plaintiffs Bibow Industries, Inc. and Christopher Bibow (collectively "Bibow") refuse to agree to Lenox's proposed protective order (or even submit a counter-proposal). Accordingly, Lenox seeks a limited protective order that prohibits disclosure of confidential and proprietary business information to the public and prohibits the use of this confidential information for purposes other than this lawsuit. Good cause exists for granting the Motion because the unrestricted disclosure of this information would cause competitive harm to Lenox.

**BACKGROUND**

Lenox has a limited number of documents that are responsive to the discovery requests, but that also contain Lenox's confidential and proprietary information. To facilitate production and disclosure to Bibow of documents containing this type of information, and to protect itself from competitive harm if such information were publicly disclosed, Lenox requests this Court to enter the attached Proposed Protective Order ("Order") (attached as Ex. 1). The attached Order provides simple and workable protections for all confidential and proprietary information that might be subject to disclosure in this case, whether produced by Lenox, Bibow, or a third party.

Nothing in the proposed Order will harm Bibow or impinge upon his ability to defend against Lenox's claim or put forth a case for his own counterclaims. The Order merely seeks to prevent public disclosure of Lenox's confidential and proprietary information, and to prohibit use of the information for purposes other than this lawsuit. Nonetheless, Bibow has refused to agree to the attached proposed Order or *any* protective order that would govern the designation and production of certain confidential information in this lawsuit. Indeed, Mr. Prevett (counsel for Bibow) has declined to explain why he would not agree to the Proposed Order. Instead, Mr. Prevett simply has stated that he "do[es]n't [h]ave time to go thru all those pages in your PO," and that he does not anticipate producing any additional documents for which Bibow would seek protection. *See* Email from P. Prevett to R. Harris, dated January 20, 2012 (attached as Ex. 2). Although counsel for Lenox has on multiple occasions asked Mr. Prevett to propose terms for the designation and production of the confidential documents that would be acceptable to his client, Mr. Prevett has refused to do so at every turn. *See* Emails from J. Burlingame and R. Harris to P. Prevett (attached as Ex. 3). Counsel for Lenox has further explained to counsel for Bibow the precise nature of the documents for which it seeks protection. *See* Email from R. Harris to P.

Prevett dated Jan. 26, 2012 (attached as Ex. 4).  Nonetheless, and although counsel for Bibow has preliminarily agreed to treat documents as "confidential" until the Court resolves the instant motion, Mr. Prevett still refuses to agree to any form of protective order in this case.  *See* Emails from P. Prevett to R. Harris (attached as Ex. 5).  Given that Lenox does not seek to prohibit Mr. Prevett or his client from reviewing these documents, but instead seeks to restrict the public dissemination and use of the documents, Mr. Prevett's refusal is all the more perplexing.

**ARGUMENT**

Lenox has good cause to seek to prevent public disclosure and dissemination of its confidential and proprietary information. Fed. R. Civ. P. 26(c) specifically allows trial courts to make any order necessary to protect a party from annoyance, embarrassment, oppression, or undue burden or expense, and to prevent the unnecessary disclosure of proprietary and other confidential business information.  Fed. R. Civ. P. 26(c)(1).

Trial courts possess broad discretion to supervise discovery and enter protective orders, especially where a party merely seeks to limit (but not completely prohibit) the disclosure of confidential information.  *See Pharmachemie, B.V. v. Pharmacia, Inc.*, 1998 U.S. Dist. LEXIS 2192, at *4-5 (D. Mass. Jan. 30, 1998); *Baker v. Liggett Group, Inc.*, 132 F.R.D. 123, 125 (D. Mass. 1990).  The Supreme Court has noted, in particular, that "[t]he unique character of the discovery process requires that the trial court have substantial latitude to fashion protective orders." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

Numerous courts have determined that the need to preserve the confidentiality of information—for any number of reasons—is sufficient "good cause" to warrant protection under Rule 26(c).  Courts routinely enter protective orders to protect the public dissemination of confidential or commercially sensitive information obtained through discovery.  *See, e.g.,*

*Pharmachemie,* 1998 U.S. Dist. LEXIS 2192, at *4-5 (entering protective order to protect sensitive business information); *Baker*, 132 F.R.D. at 127 (same); *GTE Prods. Corp. v. Gee*, 112 F.R.D. 169, 170 (D. Mass. 1986) (prohibiting disclosure of confidential information about third parties). Some courts have considered it their duty to protect sensitive business information through the entry of a protective order. *See, e.g., Powers v. Chicago Transit Auth.*, 846 F.2d 1139, 1143 (7th Cir. 1983) ("District courts have a responsibility to protect sensitive information in discovery, where the utility of that information is less than the injury its disclosure may do, even if the information is not technically privileged.").

Good cause exists for entry of the requested Protective Order. Bibow's Requests for Production seek documents that contain Lenox's confidential marketing strategies, trade secrets, customer and financial information, and other confidential and proprietary information. Thus, Lenox seeks to be able to designate as "Confidential" certain documents containing "information not made available to the general public, or to the trade at large, that concerns or relates to trade secret, proprietary product development and engineering, business, financial, and/or personal information." *See* Ex. 1 at 2. For example, Lenox seeks to keep confidential information that would reveal Lenox's pricing and margins for its products, certain customer information, and certain documents related to Lenox's strategic processes in developing new products.

Lenox does not seek to withhold production of these documents altogether, but instead seeks to limit the dissemination of these documents to the public. The documents for which Lenox seek protection are not available to the public, and they implicate certain business and marketing issues that are confidential to Lenox. Specifically making certain business information public would damage Lenox's (and its parent company's) competitive advantage in the market. For example, public dissemination regarding Lenox's margins and pricing

4

information for the products associated with the Lenox Patents would give insight into Lenox's margins for other products, and could allow competitors to gain an advantage over Lenox by using that information. Further, customer information and Lenox's customer relationships are confidential to Lenox. Certain marketing and engineering documents related to the development processes of the Patents would reveal Lenox's overall strategies of how the company approaches and develops new products. Finally, some responsive documents contain proprietary information regarding the creation of the patents, their reduction to practice, and quality control and manufacturing processes of the products.

Unrestricted disclosure of the information would cause significant competitive harm to Lenox. Moreover, and as discussed above, nothing in the proposed Order would harm Bibow in any way or prevent him from defending against Lenox's claims and advancing his counterclaims. The Protective Order solely involves limiting the dissemination and public use of Lenox's confidential information.

## CONCLUSION

For the foregoing reasons, Lenox respectfully requests that this Court grant its Motion for Entry of Protective Order Governing Discovery of Confidential and Proprietary Information, dated February 7, 2012.

ME1 12954563v.1

Dated: February 7, 2012	RESPECTFULLY SUBMITTED,

THE PLAINTIFF/COUNTERCLAIM DEFENDANT,
IRWIN INDUSTRIAL TOOL COMPANY d/b/a LENOX

By: /s/ Thomas J. Finn
Thomas J. Finn (BBO # 561346)
tfinn@mccarter.com
Paula Cruz Cedillo (BBO # 671443)
pcedillo@mccarter.com
McCARTER & ENGLISH, LLP
CityPlace I
185 Asylum Street
Hartford, Connecticut 06103
Tel: 860.275.6700
Fax: 860.724.3397

- and -

John A. Burlingame (pro hac vice)
john.burlingame@squiresanders.com
Rachael A. Harris
rachael.harris@squiresanders.com
SQUIRE SANDERS (US) LLP
1200 19th Street, N.W.
Suite 300
Washington, D.C. 20036
Tel: 202.626.6600
Fax: 202.626.6780

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 7th day of February 2012, a copy of the foregoing was filed electronically and will be served on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

                                      /s/ Thomas J. Finn
                                        Thomas J. Finn