UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

|  |  |
|---|---|
| IRWIN INDUSTRIAL TOOL COMPANY,<br>d/b/a LENOX,<br>Plaintiff<br>v.<br><br>BIBOW INDUSTRIES, INC.,<br>and,   CHRISTOPHER W. BIBOW,<br>Defendants | Civil Action No. 3:11-CV-30023 |

### DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR A PROTECTIVE ORDER OF EXHIBIT 19

I. BACKGROUND FACTS

1. Defendant/deponent was deposed by the Plaintiff on March 9, 2012 at the offices of McCarter & English in Boston, Massachusetts.

2. During the course of the above deposition, Defendant/deponent had ` reference documents in front of him that were later inadvertently marked as Exhibit 18 and Exhibit 19.

3. During the course of the deposition, Defendant/deponent referred to Exhibit 18 but, at not time, did he ever refer to or look at Exhibit 19.

4. During a period of confusion, Plaintiff's attorney requested the documents sitting in front of the Defendant/deponent and labeled them "Exhibit 18 and Exhibit 19".

5. Defendant's attorney made a mild privilege objection but, not knowing the exact nature of Exhibit 19, the labeling of exhibit 19 was effected.

II. <u>PRIVILEGE AND WAIVER</u>

 1. The two (2) types of privilege are Work-Product and Attorney-Client privilege and have their roots in the Federal Rules of Evidence (FRE), the Federal Rules of Civil Procedure (FRCP), case and common law.

 2. Rule 502(b) of the FRE addresses the inadvertent disclosure of communications or information made in a federal proceeding by stating that:

  (a) The disclosure was inadvertent; there was no waiver;

  (b) The holder of the privilege( defendant/deponent) or protection took reasonable steps to prevent disclosure;

and,  (c) The holder promptly took reasonable steps to rectify the error, including (if applicable), following FRCP 26 (b)(5)(B).

 3. Pursuant to FRCP Rule 26(b)(5)(B), the defendant/deponent took the following action:

  (a) Defendant/deponent's attorney objected to the marking of Exhibit 19;

  (b) Defendant's attorney contacted Plaintiff's attorney on Monday, March 12, 2012, informed him that Exhibit 19 was in dispute, informed him (Plaintiff's attorney) that a motion would be filed requesting a Protective Order and asking that Exhibit 19 be sealed until the matter is resolved between the parties or by the Court. As of this writing, the parties are still in discussion;

and,  (c) The Defendant/deponent executed an Affidavit stating that (1), he put together Exhibit 19 on his own and shared and discussed it with both his patent counsel and his trial counsel, and, (2), he did not refer to the documents marked as Exhibit 19 during his deposition.

III <u>WORK-PRODUCT DOCTRINE</u>

 1. The extent of the protection afforded communications under the Work-Product Doctrine in a civil action can be gleaned and compared to the rules of criminal procedure as expressed in the holding of the Massachusetts Supreme Judicial court (SJC) in the case of <u>Commonwealth v. Bing Sial Liang</u>, 434 Mass. 131(2001), where the SJC stated that, even though the Massachusetts Rules of Criminal procedure require both sides in a criminal matter to disclose

    exculpatory evidence to the other side, the Court held that**: the Work-Product
        Rule exempts:**

        **".... those portions of records, reports, correspondence,
        memoranda, or internal documents.... which are only the
        legal research, opinions, theories, or conclusions of the adverse
        party or his attorney and legal staff ".**

The SJC goes on to say that: **"The Rule (Rule 14) of Criminal Procedure preserves the
        "core" of the work-product doctrine by sheltering the
        mental processes of the attorney."**

This is even true under the rules of criminal procedure where the constitutional due process rights of the accused are paramount which places an even higher threshold for protection under either work-product and/or attorney-client privilege.

In the case at bar, although a civil case, the contents of Exhibit 19 easily falls within the SJC's work-product ambit of <u>Bing</u> : "**.... internal documents.... which are only the legal research,
        opinions, theories, or conclusions of the adverse party or his
        attorney and legal staff ".** , and exempt from discovery.

  IV <u>ATTORNEY-CLIENT PRIVILEGE</u>

    **"The attorney-client privilege is the oldest of the privileges for confidential communications known to the common law",** <u>Upjohn Co. v. United States, 449</u> U. S. 383,389 (1981) and **"the privilege protects confidential communications between a client and her attorney made for the purpose of facilitating the rendition of legal services to the client",** <u>United States v. Horvath,</u> 731 F.2d 557, 561 (8th Cir.1984).

A seminal case in this jurisdiction illustrating the breadth of protection afforded documents claimed under both the "work-product" and "attorney client" privileges is <u>Mississippi Public Employees' Retirement System v. Boston Sientific Corp.,</u> 649 F .3d 5 (1st Cir. 2011). As in the case at bar, <u>Mississippi</u> involved the privilege claim for documents accidentally disclosed, but, in addition, the Plaintiff in <u>Mississippi</u> claimed that the documents were unrelated to the provision of legal advice.

Footnote 24 of <u>Mississippi</u> defeated the Plaintiff's argument for exclusion of the accidentally disclosed documents under the "work-product" doctrine where the Court in quoting another First Circuit case, <u>Maine v. U. S. Dept. of Interior,</u> 298 F .3d 60, 68 (1st Cir.2002), stated that the "work-product doctrine protects documents prepared by an attorney if, **"in light of the nature of the document and the factual situation in the particular case, the document can be fairly said to have been prepared or obtained because of the prospect of litigation".**

<u>Mississippi</u> also supports the Defendant/deponent's argument for the protection of Exhibit 19 under "attorney-client" privilege when the Court, in quoting <u>Upjohn</u>, stated: **" attorney-client

**privilege protects communications made in confidence by a client and a client's employees to an attorney, acting as an attorney, for the purpose of obtaining legal advice."**

The case at bar is analogous to <u>Mississippi</u> in that Bibow generated Exhibit 19 on his own initiative based on discussions prior to his March 9, 2012 deposition with his patent and trial attorneys.  In addition, the <u>Mississippi</u> Court cited <u>In re Keeper of Records</u>, 348 F .3d at 22, in support of the privilege, stating that:

> **"By safeguarding communications between client and lawyer, the privilege** ("attorney-client")   **encourages full and free discussion, better enabling the client to conform his conduct to the dictates of the law and to present legitimate claims and defenses if litigation ensues".**

Based on both the federal rules of evidence and procedure and forum case law, the inadvertent disclosure and marking of Exhibit 19 during the deposition of the Defendant, Bibow, on March 9, 2012 supports Bibow's motion for a protective order of said Exhibit 19.

 WHEREAS, the Defendant/deponents pray that this Court will:

 1. Grant this motion in addition to any other relief the Court  deems just and fair as presented in the above motion and the accompanying Memorandum of Law.

March 18, 2012            _____/s/, Peter D. Prevett_____
                  Peter D. Prevett, BBO #558278
                  Prevett & Prevett, LLP
                  89 Route 101A, Suite 2
                  Amherst, NH 03031
                  603-673-8500  Office
                  603-673-7557  Fax